In the Matter of JAMES R. F. RICHARDSON, an Incompetent War Veteran. ANNETTA F. RICHARDSON, as Committee of JAMES R. F. RICHARDSON, an Incompetent Person, Petitioner; AMERICAN SURETY COMPANY OF NEW YORK, Surety, Appellant; UNITED STATES VETERANS' ADMINISTRATION and Others, Respondents. — Appeal by the American Surety Company, as surety, from an order settling the account of the committee of an incompetent veteran and surcharging the account with the sum of $3,283.39, consisting, to a large extent, of insurance pay-

ments made to the petitioner, who is the committee as well as the mother of the incompetent. The questions involved in this appeal are (1) whether the insurance payments were made to the petitioner in her capacity as committee, or whether, as she claims, they were made to her for her maintenance and support and as compensation to her for the maintenance and support of the incompetent and his minor child; (2) how much of the payments were made by the government prior to the appointment of the committee on January 31, 1920; (3) if the payments were made to the petitioner as committee, how much thereof was used for the maintenance and support of the incompetent and his dependent mother and child and for the expense of administering the trust, and to how much of said payments the committee is entitled to credit; whether the committee should be surcharged with the item of $125, mentioned in the third paragraph of the objections, and with the item of $318.39, mentioned in the fifth paragraph thereof. As to the claim that the items omitted from the account should be charged against the committee, the burden of proof rested with the respondents. It was also incumbent upon the respondents to establish the fact that the payments were made to petitioner as committee and not to her individually. This burden the respondents have failed to maintain. It is not to be assumed that the payments were made to her in her capacity as committee. To the contrary, from the fact that payments were made to the petitioner for about ten months prior to her appointment, it might well be assumed that they were not made to her in her official capacity. Order as resettled reversed on the law and the facts, without costs, and the matter remitted to the Special Term for the taking of proof upon the issues presented by the account and the objections thereto; for an adjudication of the liability of appellant on its surety bonds of $200 and $2,500 respectively; as to the rights of the committee, if any, respecting the payments made by her for the maintenance of the incompetent during the years 1919 and 1920; and as to her duplicate charge of $125 for the month of December, 1928. Hagarty, Scudder, Tompkins and Davis, JJ., concur; Lazansky, P. J., not voting.